## JOHN F. ROGERS *v.* MARGARET E. ROGERS.

**Divorce—Custody of Children—Power of Court to Modify Orders—Value of Attorney's Services.**

Under the law the right of the father to the custody and control of his children is superior to that of the mother, but the chancellor may subordinate this right when it is to the interest of the children to give the custody to the mother, and the legal right of the father will not be enforced to the prejudice of the children.

**Power of Court to Modify Orders.**

In a divorce proceeding the court has power to modify its order as to the custody of children and allowances for their benefit.

**Value of Attorney's Services.**

In a divorce proceeding, on an application for payment of attorney's fees for representing the wife, the court, having knowledge from an inspection of the record of the amount and kind of services rendered, may resort to its personal knowledge to fix the value of such services.

APPEAL FROM FRANKLIN CIRCUIT COURT.

March 6, 1875.

OPINION BY JUDGE LINDSAY:

Taking into consideration the amount of the appellant's estate and

the probable cost of maintenance of his late wife and his children, we cannot say that the allowance made by the circuit court was excessive. Certainly $100 for the support of three persons from August to February is not unreasonable, and is much less than would ordinarily suffice for that purpose. Although there is no evidence in the record except the record itself, of the value of the services of the appellee's counsel, the value of such services as appear from the record to have been rendered, is as well known to the court as to any other persons, and the court, like a jury, may resort in such cases to its own knowledge of facts which are of a general character, and within the knowledge of men generally.

It would certainly not be necessary to prove before a jury of farmers the value of ordinary farm labor; but upon proof of the labor and its amount and kind, the jury would be authorized from the personal knowledge to fix its value. So in this case, the court having knowledge, from an inspection of the record, of the amount and kind of services rendered by appellee's counsel, may resort to its personal knowledge to fix the value of such services.

Nor can we say that the court erred in adjudging to the appellee one-half of the personal effects of the appellant. His whole personal estate would not amount, according to his answer, to more than $200 or $300, and one-half of this will be but a scanty provision for Mrs. Rogers and the two younger children, and is not more than should have been allowed her.

We have no revisory power over the interlocutory orders made in reference to the property, either in the judgment or in the subsequent order, and it would, therefore, be improper to express an opinion as to whether the court properly adjudged a lien on the appellant's land, or restrained him from selling any of his property until the further order of the court.

While it is true that, as matter of strict law, the right of the father to the custody and control of his children is superior to that of the mother, yet the chancellor had always subordinated this legal right to the weightier consideration of the interest of the children, and he will not allow the legal rights of the father to be enforced to their prejudice. Our statute recognizes and adopts this long and well-settled rule in equity, by requiring the court decreeing a divorce to have principally in view the interest and welfare of the children in making orders for their care and custody. The children whose care and custody the court awarded to appellee are both females, and are aged ten and five years respectively; and it is proper they should be

with their mother, whose care and watchfulness cannot be supplied
by the father, who, as the evidence shows, is a physician, and neces-
sarily much from home, and who is without any one residing with
him to nurture and care for the children in his absence. The evi-
dence shows the mother to be a fit person to have the care and control
of them; while the facts disclosed by the record lead us to doubt
whether the appellant, as he is situated, would be a suitable person
to raise them in a proper manner. Certainly it was not to their inter-
est to take them from their mother and send them to reside with the
appellant, where, as far as appears from the evidence, they would be
without a protector in his absence. The court will at all times have
power to make additional orders if it should become necessary to do
so in order to enable the appellant to see his children as often as
would be just to him and them, and may at any time, if their interest
should require it, give them into the custody of their father. This
constant power of the court over the children is ample to secure his
rights, if at any time the mother should disregard the order already
made by the chancellor, which is as specific as the nature of the case
enabled him to make it.

Judgment *affirmed*.

*G. W. Craddock*, for *appellant*.
*L. Hord*, for *appellee*.

